UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNDRA DABNEY,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendants.

Case No. C18-1733 TLF

ORDER

This matter is before the Court on defendant's motion to alter or amend judgment under Federal Rule of Civil Procedure (FRCP) 59(e). For the reasons set forth below, the Court finds the motion should be denied.

Under FRCP 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). The Court "has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). It may grant a motion under FRCP 59(e) when "'necessary to correct *manifest errors of law or fact upon which the judgment is based*.'" *Id.* (emphasis in the original) (citation omitted).

Defendant argues that there is no categorical rule in the Ninth Circuit finding

ORDER - 1

harmful error when the ALJ fails to discuss a medical option, and that such an error may be found harmful only after a review of the omitted opinion's significance in relation to the whole record. Dkt. 19, at 1. Defendant argues that the Court's reasoning did not include an appropriate review under the harmless error standard, and that the Court therefore erred by reversing and remanding the matter for reconsideration based upon the ALJ's error in failing to evaluate Dr. Eisenhauer's opinion. *Id.* at 2-3.

The defendant argues that the Court in its decision had failed to "look beyond the four corners of the ALJ's decision when considering harmless error," and merely determined that the ALJ's analysis had been insufficient before finding the error not harmless. Dkt. 19, at 3. The defendant asserts that the Court had not considered whether the faulty analysis was inconsequential to the ALJ's determination of the outcome. *Id.* (citing Molina v. Astrue, 674 F.3d 1104, 1114-23 (9th Cir. 2012). Furthermore, defendant notes that Dr. Eisenhauer was a reviewing physician, whose opinion was based on a properly discounted report by Dr. Widlan. *Id.* at 4.

The defendant cites three cases to demonstrate that an unaddressed medical opinion need not constitute harmful error. In the first case, *Marsh v. Colvin*, 792 F.3d 1170,1173 (9th Cir. 2015), the Ninth Circuit pronounced that a failure to address a medical opinion was error subject to review for harmless, and that there should be no "rigid rule" regarding the certainty of the harmless error analysis. Yet in that case, the Ninth Circuit also directed that the analysis should revolve around the seriousness of the ALJ's error – such as, whether the omitted opinion entirely precluded the plaintiff's ability to work – rather than the opinion's incongruity with reasons found by the District Court to support a finding of non-disability. *Id.*

ORDER - 2

Defendant's second proffered decision, *Foote v. Berryhill*, 747 F. Appx. 636, 637 (9th Cir. 2019) is an unpublished disposition and therefore is not binding precedent. Ninth Circuit Rule 36-3. In the *Foote* case, the Court applied harmless error to a physician's letter because the ALJ had applied equally legitimate reasons to invalidate the same physician's other opinion. Defendant also cites to another case from this district finding harmless error in the failure to discuss a reviewing physician's opinion that was entirely based on another physician's properly discounted letter. Dkt. 19, at 4 (citing *Smith v. Colvin*, No. C14-1530-TSZ, 2016 WL 8710029, at *7 (W.D. Wash. Oct. 14, 2016)). Defendant notes that this Court found that Dr. Widlan's opinion had been properly discounted, so a failure to discuss Dr. Eisenhauer's opinion, which was based on Dr. Widlan's, should constitute merely harmless error. Dkt. 19, at 5.

As cited by defendant, the Ninth Circuit directs a District Court to consider the magnitude of the error in omitting analysis of a physician's opinion. In considering the magnitude of the error here, where Dr. Eisenhauer's opinion found marked limitations based on the medical record before her and the ALJ failed to acknowledge the severity of her findings, the Court finds this error of substantial seriousness – that the failure to acknowledge this opinion might have skewed the ALJ's review of the medical record. *See* Court's Order, Dkt. 17, at 16.

For this reason, the Court DENIES the defendant's motion to amend, and as the Ninth Circuit did in *Marsh*, the Court reverses and remands the ALJ's decision with the directions given in its February 2020 order, including the instruction "specifically to invite the ALJ to comment" on Dr. Eisenhauer's opinion. *Marsh v. Colvin*, 792 F.3d 1170,1173-74 (9th Cir. 2015).

Dated this 17th day of September, 2020.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 4